go on my orders against 150 until I had ascertained as to third 156. By the Court: You would have no right to go as against what? As against fourth 156? A. Yes, sir." In this connection it may be stated that by No. 217 of the company's rules it is made the duty of the trainmaster to " * * * exercise supervision over the men employed on the trains, see that they understand and observe the rules, and suspend them when necessary for neglect of duty. * * * "

Taking the testimony of the engineer as true, I think he had a right to infer from the verbal communications of the operator at Machias that the third section of regular train 156 had arrived there without signals, and also that he had a right to rely thereon and act accordingly. While the printed rules may be adequate and sufficient if lived up to, yet, in view of the interpretation put upon them by the trainmaster in his instructions, and thereafter followed and practiced by the engineer, as claimed by him, I think it cannot be said, as a matter of law, that the defendant acted with due regard for the safety of its employés in making and enforcing rules for the movement of its trains. If such instructions were so given and followed as is claimed by the engineer, I think it is a question of fact for the jury to determine whether, in adopting that manner of communicating information of such importance to the engineer of the opposing train, the defendant exercised reasonable care, prudence, and foresight in guarding the safety of its trainmen employed as the plaintiff's decedent was upon this occasion. Sheehan v. N. Y. C. & H. R. R. Co., 91 N. Y. 332, 338.

The case of Northern Pac. R. Co. v. Dixon, 194 U. S. 338, 24 Sup. Ct. 683, 48 L. Ed. 1006, cited by counsel for the defendant, I think is not at variance with this view. In that case it appeared that a train dispatcher ordered a train forward, relying upon information given him by a telegraph operator that another train had not passed the station. The information was incorrect, and a collision occurred. It was there held upon the two questions certified that the local telegraph operator in giving the information to the train dispatcher acted as a fellow servant of the members of the train crew who were injured by obeying the erroneous order of the dispatcher based upon the false information given by the local operator, and that the negligence of the telegraph operator was a risk assumed by the fireman, who was one of the crew, and was killed in the collision. Whether that case is in conflict with the decisions of the court of our state, and, if so, to what extent, need not now be decided or pointed out. It is sufficient to say that the only question there decided was whether the railroad company was liable for the negligent act of the local telegraph operator in giving false information to the train dispatcher, which was acted upon by the dispatcher in moving forward the two colliding trains. The question of the sufficiency of the rules, the regulations, and method of the railroad company in running trains was not involved in the decision. The question in the case at bar is not the negligence of the operator in giving false information, but rather the method adopted or per-mitted by the defendant in communicating the information. In speaking of the duties of a railroad company towards its workmen, Judge O'Brien, in Doing v. New York, O. & W. R. Co., 151 N. Y. 579, 583, 45 N. E. 1028, 1029, says: "The defendant had the power to control and regulate its business. The law imposed upon it the duty of making and enforcing such reasonable rules and regulations for the government of the men in its service as to prevent or guard against injury by one servant to another in so far as that was reasonable and practicable." I think it was a question of fact in this case whether the defendant did its full measure of duty in that regard to the fireman of the south-bound section, who was killed in the collision, and for whose death this action was brought.

The plaintiff's exceptions should be sustained, and a new trial granted, with costs to the plaintiff to abide the event of the action.

McDERMOTT, Appellant, v. INTERURBAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. December 7, 1906.) Action by Michael McDermott against the Interurban Street Railway Company. C. G. Smith, for appellant. C. F. Brown, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

McDONALD, Respondent, v. De VITO et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. November 28, 1906.) Action by George M. McDonald against Donato De Vito and another. No opinion. Motion denied, without costs. Held, that all questions as to inaccuracies in the case and exceptions must be determined in the lower court, and the case and exceptions as finally settled filed, before a motion to dismiss under rule 41 can be entertained here.

McFADDEN v. COLUMBIA FIREPROOFING CO. (Supreme Court, Appellate Division, First Department. December 14, 1906.) Action by Samuel McFadden against the Columbia Fireproofing Company. No opinion. Application granted. Order signed.

McGLENNON, Respondent, v. CHASE BROS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 21, 1906.) Action by James S. McGlennon against the Chase Bros. Company. No opinion. Judgment and order affirmed, with costs.

McINTOSH, Respondent, v. CITY OF BUFFALO, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 17, 1906.) Action by Schuyler H. McIntosh against the city of Buffalo. No opinion. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, unless the plaintiff stipulates to reduce the verdict to the sum of $500, as of date of the rendition thereof, in which event the judgment as thus modified and the order are affirmed, without costs of this appeal to either party.